Matthew A. Rosenthal, Esq. (SBN 279334)
**WESTGATE LAW**
16444 Paramount Blvd., Suite 205
Paramount, CA 90723
Telephone: 818.200.1497
Facsimilie: 818.869.2208
matt@westgatelaw.com

Attorneys for Plaintiff
ALINA GRINBERG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ALINA GRINBERG,<br><br>           Plaintiff,<br><br>     vs.<br><br>SYNCHRONY BANK; COLLECTION BUREAU OF AMERICA LTD.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>           Defendant(s). | Case No.: 8:19-cv-2014<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681]**<br>**2. VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT [CAL. CIV. CODE § 1785.1]** |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1.      ALINA GRINBERG (Plaintiff) brings this action to secure redress from SYNCHRONY BANK, COLLECTION BUREAU OF AMERICA LTD. (hereinafter "THE FURNISHER DEFENDANTS"), EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.

- 1 -

(hereinafter "THE CRA DEFENDANTS"), for violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies' Act ("CCCRAA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendants each transact business here.

## PARTIES

4. Plaintiff is a natural person who resides in Granada Hills, California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a), and by the CCCRAA, Cal. Civ. Code § 1785.3(b).

5. Defendant Synchrony Bank ("Synchrony") is and was, at all relevant times stated herein, a corporation with its headquarters in Utah, which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

6. Defendant Collection Bureau of America, Ltd. ("CBA") is and was, at all relevant times stated herein, a business organization with its headquarters in California, which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

7. Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), is a limited liability company with its principal place of business

located at 1550 Peachtree St. NW Atlanta, Georgia, 30309. At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Equifax is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

8. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a limited liability company with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Experian is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Plaintiff is informed and believe and on that basis alleges that Defendant are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

**FACTUAL ALLEGATIONS**

11. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

12. Furthermore, Defendants conducted business within the State of California at all relevant times herein.

13. On or about October 25, 2016, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Central District of California in Los Angeles. Plaintiff's case was assigned Case Number 1:16-bk-13070-ER (the "Bankruptcy").

14. Plaintiff's obligations ("Debts") to the Furnisher Defendants Synchrony and CBA, which were consumer credit card and collection accounts respectively, were scheduled and included in the Bankruptcy.

15. On or about August 27, 2019 Plaintiff received a successful bankruptcy discharge.

16. Accordingly, the Debts to the Furnisher Defendants were discharged through the Bankruptcy.

17. The Furnisher Defendants and the CRA Defendants either reported or caused to be reported inaccurate information after the Bankruptcy was filed and discharged, in the form of reporting Plaintiff as having charged-off accounts with deficiency balances as well as open collection accounts with deficiency balances.

18. CRA Defendant Equifax is currently reporting Plaintiff as having four (4) accounts with Furnisher Defendant Synchrony Bank with outstanding deficiency balances of $710.00, $1,749.00, $570.00, and $1,568.00 respectively, as opposed to "Discharged in Bankruptcy" (or the equivalent).

19. CRA Defendant Equifax is current reporting Plaintiff as having an open collection account with Furnisher Defendant Collection Bureau of America Ltd. with an outstanding deficiency balance of $175.00, as opposed to "Discharged in Bankruptcy" (or the equivalent).

20. CRA Defendant Experian is currently reporting Plaintiff as having seven (7) accounts with Furnisher Defendant Synchrony Bank each reporting as charged off, as opposed to "Discharged in Bankruptcy" (or the equivalent). Additionally, CRA Defendant Experian is reporting that Plaintiff is "deceased" on each Synchrony tradeline.

21. CRA Defendant Experian is current reporting Plaintiff as having an open collection account with Furnisher Defendant Collection Bureau of America Ltd. with an outstanding deficiency balance of $175.00, as opposed to "Discharged in Bankruptcy" (or the equivalent).

22. The derogatory information reported by Defendants after the Bankruptcy was discharged indicates to potential creditors that the Debt was somehow not discharged in the Bankruptcy and Plaintiff was being actively delinquent in respect to the Furnisher Defendants' Debt, which is inaccurate and materially misleading reporting.

23. Defendants' attempt to collect upon these Debts by reporting post-Bankruptcy derogatory information on Plaintiff's Credit Reports was therefore inaccurate and prohibited by the Bankruptcy discharge.

24. Defendants' reporting of post-Bankruptcy derogatory information was also inaccurate because a default on an account included in a bankruptcy can occur no later than the bankruptcy filing date, at which point the accounts included in the Bankruptcy were no longer collectable due to the effect of the automatic stay and ultimate discharge.

25. Thus, by reporting post-Bankruptcy derogatory information, Defendants effectively reported: (1) Plaintiff was being financially irresponsible by failing to pay the debt after the Bankruptcy was discharged; and (2) that Plaintiff's Debts were more recently subject to collection than they really were, which is inaccurate and misleading under the CCCRAA and the FCRA.

26. Defendants' reporting of post-Bankruptcy derogatory information was also inaccurate and materially misleading because Defendants continued reporting information based on the Furnisher Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the filing of the Bankruptcy and ultimate successful discharge, thereby rendering the reported information inaccurate and materially misleading.

27. For decades, courts have recognized that when a bankruptcy discharge is granted, the order relates back to the date of filing the petition and relieves the debtor from personal liability as of that date.

28. Thus, in relation to the CCCRAA and FCRA, the discharge order rendered the information reported by Defendants following the bankruptcy discharge inaccurate and patently misleading because the discharge order relieved Plaintiff from any personal obligation to pay the Furnisher Defendants as of the date of filing the Bankruptcy petition—August 27, 2019.

29. Moreover, the derogatory, delinquent information reported by Defendants following the Bankruptcy Discharge was inaccurate and misleading because end users, including potential creditors, may interpret the reported information to mean that Plaintiff incurred new debt during the Bankruptcy or that Plaintiff reaffirmed the Debt with the Furnisher Defendants notwithstanding the discharge.

30. However, Plaintiff did not incur new debt with the Furnisher Defendants during the pendency of the Bankruptcy or reaffirm the Debt in the Bankruptcy.

31. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage,

faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

32. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to her credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

34. As a result of Defendants' conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on Plaintiff's credit file, preventing her from being able to obtain credit, and diminishing her existing and future creditworthiness.

## FIRST CAUSE OF ACTION

### Violations of the CCRAA

### California Civil Code §1785.25(a) *et. seq*

### (Against The Furnisher Defendants)

35. Plaintiff's incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

37. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide

corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

38. Cal Civil Code 1785.31. states as follows:

(a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:

(1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering;

(2) In the case of a willful violation:

(A) Actual damages as set forth in paragraph (1) above;

(B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;

(3) In the case of liability of a natural person for obtaining a consumer credit report under false pretenses or knowingly without a permissible purpose, an award of actual damages pursuant to paragraph (1) or subparagraph (A) of paragraph (2) shall be in an amount of not less than two thousand five hundred dollars ($2,500).

## SECOND CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against the CRA Defendants)**

39. The allegations set forth in paragraphs 1-38 above are re-alleged and incorporated by reference as if fully set forth herein.

40. The CRA Defendants are regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

41. The CRA Defendants use means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, are "consumer reporting agencies" within the meaning of 15 U.S.C. § 1681a(t). The CRA Defendants are likewise "consumer reporting agencies" within the meaning of Cal. Civ. Code § 1785.3(d).

42. In preparing Credit Reports, the CRA Defendants have failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

43. As a result of the CRA Defendant's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), the CRA Defendants have erroneously reported as charged-off, due and owing, one or more of the discharged debts of Plaintiff.

44. The CRA Defendant's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

45. As a result of the CRA Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

46. As a further result of the CRA Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to her credit rating and other actual damages.

## THIRD CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against the CRA Defendants)**

47. The allegations set forth in paragraphs 1-46 above are re-alleged and incorporated by reference as if fully set forth herein.

48. In preparing credit reports relating to Plaintiff, the CRA Defendants have failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

49. As a result of the CRA Defendants' failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), the CRA Defendants have erroneously reported one or more of the discharged debts of Plaintiff as "due and owing" in Credit Reports.

50. Defendants' failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

51. As a result of Defendants' negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.l4(b), Plaintiff has suffered damage to her credit rating and other actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

(a) an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n) and Cal. Civ. Code § 1785.31(a)(2)(A);

(b) an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

     (c)    an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

     (d)    an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.16 and 1785.25(a);

     (e)    an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o) and Cal. Civ. Code § 1785.31(d);

     (f)    Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff's demands a trial by jury in this action.

                                     RESPECTFULLY SUBMITTED,

Dated: October 22, 2019         **WESTGATE LAW**

                                     By: /s/ Matthew A. Rosenthal

                                        Matthew A. Rosenthal
                                        *Attorney for Plaintiff*